IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DON SURVI CHISOLM, | ) | Civil Action No. 4:21-3506-BHH-TER |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHAPLAIN MOULTRIE AND | ) | |
| LT. STAGGS, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

This is a civil action filed *pro se* by Don Survi Chisolm ("Plaintiff") on June 28, 2022, Defendants filed a motion for summary judgment on September 16, 2022. On October 26, 2022, Plaintiff filed a document entitled "Response to Summary Judgment Motion." (ECF No. 51). However, in this document, Plaintiff states that pursuant to Rule 56(d) of the Federal Rules of Civil Procedure he "moves this court for an order extending the time to answer the defendants motion for summary judgment until such time as the plaintiff can compel the defendants to complete discovery." Id. Therefore, this document will be construed as a motion under Rule 56(d).

Pursuant to Rule 56(d), "[t]he Court may defer considering a motion for summary judgment '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" Keith v. Cartledge, C/A No. 1:13-1131-RMG, 2014 WL 3867838, at *1 (D.S.C. Aug. 6, 2014) (quoting Fed. R. Civ. P. 56(d)). "To be successful on a Rule 56(d) request, a party must provide specific reasons why discovery was necessary and identify information that he believes would be adduced at discovery." Id. (citing Mercer v. Arc of Prince Georges Cty., Inc., 532 F. App'x 392, 400 (4th Cir. 2013)). Summary judgment should be denied or deferred where "the nonmoving party has not had the opportunity to discover information that

is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) (discussing Rule 56(f)—the precursor to Rule 56(d)). "However, if the nonmoving party has not been diligent in pursuing discovery or if additional discovery will not create a genuine issue of material fact, a Rule 56(d) motion is properly denied." Garrett v. Aull, No. CV 0:18-1418-CMC-PJG, 2020 WL 2512179, at *1 (D.S.C. May 15, 2020), aff'd, No. 0:18-CV-1418-CMC-PJG, 2020 WL 3077056 (D.S.C. June 9, 2020) (quoting Keith v. Cartledge, C/A No. 1:13-1131-RMG, 2014 WL 3867838, at *1 (D.S.C. Aug. 6, 2014)).

In this case, Plaintiff has had ample opportunity to obtain the requested documents during the normal course of discovery in this matter. The discovery deadline set forth in the court's scheduling order was May 11, 2022. Plaintiff was clearly capable of filing a motion to compel with regard to the Defendants' responses to discovery at issue, but failed to properly and timely avail himself of this option.[1] Thus, it is clear from the record that Plaintiff did not properly file a motion to compel with regard to the documents he now alleges the Defendants did not produce to him. Because he did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the applicable discovery period, the court cannot say that Plaintiff has been diligent in pursuing the discovery he now seeks. Accordingly, the court sees no basis for deferring consideration of the Defendant's summary judgment motion. Thus, Plaintiff's

---

[1] In the reply to Plaintiff's response, Defendants' state that they have previously provided Plaintiff with a five-page affidavit of Kimberly Hill identifying all grievances filed by Plaintiff related to his religious property being discarded by Defendant Staggs in April 2020 and July 2021, his grievances related to the practice of his religion, and he has previously been hand delivered his kiosk file, Wardens Jacket, and Central Records file consisting of more than five hundred pages of documents. Additionally, Defendants state that with their reply to this motion, they contemporaneously sent Plaintiff a copy of all Inmate Property Forms completed while incarcerated at Lieber Correctional Institution and in regard to his property.

motion pursuant to Rule 56(d) is denied.

Plaintiff is given an additional ten days from the date of this order to file any additional response to the motion for summary judgment.

IT IS SO ORDERED.

February 28, 2023  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge